THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROGER MAGEE, Defendant-Appellant.

(No. 72-37; )

Third District—March 28, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

L. E. Wilson, State's Attorney, of Morrison, for the People.

PER CURIAM:

Defendant Roger Magee was indicted for the offense of armed robbery. As a result thereof, he was sentenced pursuant to a plea of guilty to a term of imprisonment of not less than five (5) nor more than ten (10) years. Defendant filed a petition for post-conviction relief and after a hearing the trial court denied the requested relief.

The defendant in his petition raised the following issues:

I. That he was unlawfully detained for an extensive period and various coercive tactics were utilized in order to obtain a statement from him.

II. That defendant's appointed counsel did not adequately consult with him, told him the State's case was very strong and that he should plead guilty, and that if he did not so plead and was found guilty, the penalty would be much heavier.

III. That he finally acquiesced to the pressures of his counsel and tendered his plea of guilty having been induced by inadequate representation and coerced by the existence of the unlawfully obtained statements.

Defendant testified in his own behalf but no evidence was produced with regard to his claim that he was unlawfully detained for an extensive period or that coercive tactics were used to obtain statement from him, so the point must be considered as abandoned.

Defendant also testified that he had consulted his appointed attorney on the day of his arraignment, that he was advised that his chances of acquittal were nil, that the prosecution would ask for a twenty (20) to twenty-five (25) year sentence if convicted, that there were plea bargaining discussions and that defendant's plea was entered when counsel told him he had done the best he could do. On cross examination the defendant testified that he was 29 years old at the time of the plea, that he talked with counsel for about 15 minutes before going to court, that he had a past record and had plead guilty to a prior offense, that his counsel told him the State's case was strong, that he asked counsel to bargain more with the prosecutor which was done for an additional 30 minutes during which the State reduced its demands from a 20 to 25 year sentence to a 15 to 25, then to a 10 to 15, a 3 to 15 and finally 5 to 10. Defendant further testified that his attorney relayed all of these offers to him and returned to confer with the State's Attorney each time until his counsel told him that a five to ten was the best he could do and then defendant entered his plea.

Additional testimony generally corroborating that of defendant was given by his counsel and by the State's Attorney. His counsel's records

showed that "this was a face to face robbery of a gas station attendant in a well lighted gas station and the party committing the crime was not masked. His brother was arrested sitting in the driver's seat of Roger McGee's car outside of the gas station. Roger Magee, when I talked to him told me he was arrested in Dixon and admitted the crime and told the police where the gun and some other things were and the police had the gun and some articles that were stolen \* \* \*."

■■ We have made a careful examination of all proceedings in this case in accordance with *Anders v. California*, 386 U.S. 738, and we agree with the position asserted by the attorney appointed to handle defendant's appeal in this cause, that assuming everying defendant said was true, it is obvious that his plea was not induced by coerced statements, a point abandoned at the hearing, but was, in fact, the product of a hard plea bargaining session between his counsel and the prosecution. That it is equally obvious that however coerced defendant now claims to have been, he was sufficiently courageous to reject several sentence offers until he finally got one which, in his attorney's opinion, represented the "rock bottom" offer of the State.

■■ In a post-conviction hearing, the burden is on the defendant to show Constitutional Deprivations, (*People v. Smith*, 45 Ill.2d 399), and it is obvious why this evidence did not satisfy the trial court.

Defendant was adequately represented by counsel.

From an examination of the record, we therefore, must conclude that the Circuit Court of Henry County properly denied defendant's petition for post-conviction relief. It is apparent that there is no basis for an appeal and as defense counsel has pointed out such appeal would be wholly frivolous.

We have heretofore granted leave to the attorney, Bruce Stratton, District Defender, Illinois Defender Project, to withdraw. On the basis of our complete examination of the record, we have concluded that the judgment in this cause should be and is, affirmed.

Judgment affirmed.